

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 24, 2024**

_____
**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| TOMMY'S FORT WORTH, LLC, *et al.*,[1] | ) | Case No. 24-90000 |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

### ORDER GRANTING IN PART, DENYING IN PART, AND CONTINUING IN PART, DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO PAY CERTAIN PRE-PETITION DEBT

Upon the *Debtors' Emergency Motion for Entry of an Order Authorizing Debtors to Pay Certain Debt* (the "**Motion**")[2] and the Court having jurisdiction to consider the Motion and the

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tommy's Fort Worth, LLC (3473); Tommy's Holding Company, LLC (2662); Tommy's Grand Rapids, LLC (9224); Tommy's Castaic, LLC (7501); Tommy's Lewisville, LLC (4750); High Country Watersports, LLC (6160); Walloon Lake Village Marina, LLC (0277); MKB Florida Holdings, LLC (5698); Tommy's Detroit, LLC (5242); Tommy's California Fresno, LLC (8597); Tommy's Phoenix, LLC (3036); Tommy's Las Vegas, LLC (7721); Tommy's Chattanooga, LLC (0839); Tommy's California Ventura, LLC (5149); Tommy's Rancho Cordova, LLC (1070); Tommy's Stockton, LLC (1338); and Tommy's Knoxville, LLC (8052).

[2] Capitalized terms not otherwise defined shall have the meaning set forth in the Motion.

relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*, Miscellaneous Order No. 33 (N.D. Tex. Aug. 3, 1984); and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and the Court having held a hearing on the Motion (the "**Hearing**"); and all objections, if any, to the Motion have been withdrawn, resolved, or overruled; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, the record at the Hearing, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED IN PART, DENIED IN PART, AND CONTINUED IN PART,** as set forth herein.

2. The Debtors are authorized, but not directed, to satisfy through payment the following specific pre-petition debts: (1) credit card processing fees to Worldpay in the amount of $682; and (2) an insurance payment in the amount of $148,984.60 with respect to amounts due for May 2024.

3. Debtors' request to make payments on the balance of $36,678.65 on the WEX Card is denied as moot.

4. Debtors' request to make payment of outstanding payroll and payroll taxes in the amount of $8,930.16 is continued to a hearing set May 28, 2024, at 1:30 p.m. Central Time, before the Honorable Edward L. Morris, Eldon B. Mahon U.S. Courthouse, 501 W. Tenth Street, Room 204, Fort Worth, Texas 76102 and via WebEx at https://us-courts.webex.com/meet/morris.

5. All banks and financial institutions (collectively, the "**Banks**") are authorized, at the Debtors' request, to receive, process, honor and pay, to the extent of cleared and sufficient funds on deposit, any and all checks issued or to be issued, credit card payments, or electronic fund transfers requested or to be requested by the Debtors relating to this Order. The Banks shall not be liable to any party on account of: (a) following the Debtors' representations, instructions, or presentations as to any order of the Court (without any duty of further inquiry); (b) the honoring of any pre-petition checks, drafts, or wires in a good faith belief or upon a representation by the Debtors that the Court has authorized such pre-petition check, draft, or wire; or (c) an innocent mistake made despite implementation of reasonable handling procedures. The Banks may rely on the representations of the Debtors regarding checks that were drawn, credit card payments made, or instructions issued by the Debtors before the Petition Date, and the payments should be honored post-petition pursuant to an Order of this Court.

6. Nothing contained in this Order or any action taken by the Debtors in implementing this Order shall be deemed (i) an admission as to the validity of any claim against the Debtors, or (ii) an assumption, adoption or rejection of any contract or lease between the Debtors and any third party under Bankruptcy Code section 365.

7. Entry of this Order is necessary to avoid immediate and irreparable harm and, to the extent the relief granted herein implicates the use of property of the estate and Bankruptcy Code section 363, the requirements under Bankruptcy Rule 6003(b) have been satisfied.

8. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. Notice of the Motion as provided therein is deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rules 4001(d) and 6004(a) are waived.

10. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Order.

# # # END OF ORDER # # #