| | |
|---|---|
| Christopher J. ("CJ") Conant | Kevin M. Lippman |
| *Pro Hac Vice* forthcoming | Texas Bar No. 00784479 |
| Brian T. Ray | Julian P. Vasek |
| *Pro Hac Vice* forthcoming | Texas Bar No. 24070790 |
| Hatch Ray Olsen Conant LLC | Munsch Hardt Kopf & Harr P.C. |
| 730 17th Street, Suite 200 | 500 N. Akard St., Ste. 4000 |
| Denver, CO 80202 | Dallas, TX 75201 |
| Telephone: (303) 298-1800 | Tel. 214-855-7500 |
| Fax: (303) 298-1804 | Email: klippman@munsch.com |
| cconant@hatchlawyers.com | Email: jvasek@munsch.com |
| *Counsel for TCO Golden, LLC* | *Local Counsel for TCO Golden LLC* |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| TOMMY'S FORT WORTH, LLC, *et al*,[1] | Case No: 24-90000-elm11 |
| Debtors. | (Jointly Administered) |

**MOTION FOR RELIEF FROM STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

**PURSUANT TO LOCAL BANKRUPTCY RULE 4001-1(b), A RESPONSE IS REQUIRED TO THIS MOTION, OR THE ALLEGATIONS IN THE MOTION MAY BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH ST., RM. 147, FORT WORTH, TX 76102-3643, BEFORE CLOSE OF BUSINESS ON <u>JUNE 13, 2024</u>, WHICH IS AT LEAST 14 DAYS FROM THE DATE OF SERVICE HEREOF. A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY AND ANY TRUSTEE OR EXAMINER APPOINTED IN THE CASE. ANY RESPONSE SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tommy's Fort Worth, LLC (3473); Tommy's Holding Company, LLC (2662); Tommy's Grand Rapids, LLC (9224); Tommy's Castaic, LLC (7501); Tommy's Lewisville, LLC (4750); High Country Watersports, LLC (6160); Walloon Lake Village Marina, LLC (0277); MKB Florida Holdings, LLC (5698); Tommy's Detroit, LLC (5242); Tommy's California Fresno, LLC (8597); Tommy's Phoenix, LLC (3036); Tommy's Las Vegas, LLC (7721); Tommy's Chattanooga, LLC (0839); Tommy's California Ventura, LLC (5149); Tommy's Rancho Cordova, LLC (1070); Tommy's Stockton, LLC (1338); and Tommy's Knoxville, LLC (8052).

1

**HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED.**

The Movant, TCO Golden LLC, a Colorado limited liability company ("**Movant**"), through its undersigned attorneys, Hatch Ray Olsen Conant LLC, admitted *pro hac vice*, with local counsel Munsch Hardt Kopf & Harr, P.C., hereby submit this Motion for Relief from Stay Pursuant to 11 U.S.C. § 362(d)(1) to request that this Court enter an Order granting relief in order to take possession of real property improperly occupied by debtor, High Country Watersports, LLC, a Colorado limited liability company d/b/a TOMMY'S COLORADO (the "**Debtor**").

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

2. With this Motion, Movant seeks relief from the automatic stay to continue its state court eviction action against the Debtor to take possession of the real property commonly known as 12900 West 43rd Drive, Golden, Colorado 80403 (the "**Property**").

3. The Debtor filed its voluntary Chapter 11 petition on May 20, 2024.

**1. BACKGROUND**

4. Movant is the owner of the Property.

5. Movant and the Debtor entered into a Lease Agreement, dated March 7, 2019. Attached as *Exhibit 1* is the Lease Agreement. Debtor rented the Property from Movant on an escalated Base Rent schedule by year. The Lease Agreement was to end on March 31, 2029 with the option to extend through March 31, 2039. *See Exhibit 1*, §§ 5 and 39.5. Further, the Lease Agreement is personally guaranteed by Mr. Matthew Allen Borisch, individually, the Matthew Allen Borisch Trust, dated September 19, 2006, Ms. Kara Ann Borisch, individually, and the Kara

2

Ann Borisch Trust, dated September 19, 2006 (collectively "**Guarantors**"). *See Exhibit 1*, pp. 31-46.

6.　　On April 22, 2024, the Circuit Court for the County of Kent, State of Michigan entered a Consent Order Appointing Receiver, with Acceptance of Receivership signed by Mr. Thomas J. Beane in his capacity of Receiver. Attached as *Exhibit 2* is the Consent Order Appointing Receiver.

7.　　The Debtor failed to pay the May 2024 rent and on May 6, 2024, Movant's counsel issued a Letter and Notice and Demand for Compliance or Possession pursuant to C.R.S. § 13-40-108 (collectively, the "**Demand**"), attached as *Exhibit 3*. The Demand provides:

> **YOU ARE HEREBY NOTIFIED** that unless by 11:59 PM on May 10, 2024 you pay the Landlord **THE SUM OF $27,181.36**, which is owing by you under the above-described Lease (this amount may not include all late fees, applicable interest, attorneys' fees, replenishment of the security deposit, and other amounts which may also be owing by you) or surrender possession of the Premises, an eviction action will be brought pursuant to C.R.S. § 13-40-101 *et seq*.

As set forth in the Demand, various nonmonetary defaults exist as well. *See* Ex. 3, pp. 1-2. The Debtor failed to comply with the Demand and Movant commenced an eviction action in the Jefferson County District Court (Case No. 2024CV030719) (hereinafter the "**Eviction Action**") against Debtor on May 20, 2024.

8.　　On May 30, 2024, a return hearing was scheduled to occur in the Eviction Action. On May 20, 2024, the Debtor filed a voluntary petition for protection under Chapter 11 of the Bankruptcy Code. The Movant discovered that the Debtor had filed the petition on May 22, 2024 and subsequently filed a Suggestion of Bankruptcy with the Court on May 23, 2024. Attached as *Exhibit 4* is the Suggestion of Bankruptcy.

9. The Debtor is in default under the terms of the Lease and has an outstanding balance of $27,181.36. Debtor has failed to pay post-petition prorated rents due under the terms of the Lease owing for the month of May 2024 pursuant to Section 5 of the Lease. Despite its failure to pay post-petition rents, Debtor remains in possession of the Property and continues to operate its business from the Property.

10. In light of the Debtor seeking relief under Chapter 11 of the Bankruptcy Code, Movant is now compelled to seek stay relief to continue the Eviction Action.

**2. ARGUMENT**

    **A. C.R.S. § 13-40-104(d)(1) provides that the Debtor has forfeited its right to possession.**

11. Movant seeks stay relief to continue its pre-petition state court litigation against the Debtor to confirm that the Debtor has no leasehold or tenant interest in the Property and to obtain a judgment for possession and writ of restitution in furtherance of evicting the Debtor from the Property. Colorado Revised Statute § 13-40-104(1)(d) provides that "[i]t is not necessary in order to work a forfeiture of such agreement for nonpayment of rent, to make a demand for such rent on the day on which the same becomes due; but a failure to pay such rent upon demand, when made, works a forfeiture." (2024). As such, upon Debtor's failure to comply with the pre-petition Demand issued by Movant, Debtor had no remaining interest in the Property on the date of their bankruptcy filing. See *In re Gagliardi*, 290 B.R. 808, 814 (Bankr. D. Colo. 2003) ("In determining whether the Respondents violated the stay by proceeding with the eviction against the Debtors, the Court considers first whether the Debtors has any remaining interest in the Property on the date of their bankruptcy filing. Since the Property is located in Colorado, Colorado law governs this determination.") Here, the right to comply with the Demand expired on May 10, 2024 at 11:59

4

P.M. As such, the Debtor had no remaining interest in the Property as of its filing of the voluntary petition May 20, 2024, and is not subject to the automatic stay.

    **B.**    **<u>11 U.S.C. § 362(d)(1) and the Curtis Factors.</u>**

12. Where a property owner has commenced pre-petition eviction proceedings against a debtor, the owner may seek "for cause" stay relief pursuant to 11 U.S.C. § 362(d)(1) to continue those proceedings. In such circumstances, many bankruptcy courts analyze whether such stay relief is appropriate using the "*Curtis* Factors". *See In re Choice ATM Enters., Inc.*, 14-44982-DML, 2015 WL 1014617, *3-4 (Bankr. N.D. Tex. March 4, 2015).

13. 11 U.S.C.A. § 362 provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay— (1) for cause, including the lack of adequate protection of an interest in property of such party in interest.

(2024).

14. The considerations identified in *Curtis* are:

> 1. Whether the relief will result in a partial or complete resolution of the issues.
>
> 2. The lack of any connection with or interference with the bankruptcy case.
>
> 3. Whether the foreign proceeding involves the debtor as a fiduciary.
>
> 4. Whether a specialized tribunal has been established to hear the particular cause of action and that tribunal has the expertise to hear such cases.
>
> 5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation.
>
> 6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question.
>
> 7. Whether litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties.

8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c).

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f).

10. The interest of judicial economy and the expeditious and economical determination of litigation for the parties.

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial.

12. The impact of the stay on the parties and the "balance of hurt."

*Choice ATM Enters., Inc.*, 2015 WL 1014617 at *3-4. Because "[t]here is no mandatory standard for finding 'cause' in the Fifth Circuit", the Court should "proceed by identifying and then balancing the factors it deems relevant to determining whether cause exists to lift the Automatic Stay." *Id.* at *5.

15. Here, most of the Curtis factors weigh in favor of this Court finding "cause" to permit the Eviction Action to move forward.

C. **The Relevant Curtis Factors Favor Granting Stay Relief**

16. First, (Factor # 1) resolution of the Eviction Action will completely resolve the question of whether the Debtor has any legitimate possessory interest in the Property.

17. Second, (Factor # 2) the continuation of pre-petition residential eviction proceedings against a debtor will rarely interfere with the debtor's pending bankruptcy case because the estate does not have a meaningful property interest in a lease that was terminated pre-petition. *Cf. In re Burch*, 401 B.R. 153, 157 (Bankr. E.D. Penn. 2008) ("If movants are correct that the Debtor's interest in the Lease has been properly terminated, then 'cause' exists under § 362(d)(1) to grant relief from the stay to allow Movants to exercise their state law remedies against Debtor."); *In re Éclair Bakery, Ltd.*, 255 B.R. 121, 136 (Bankr. S.D.N.Y. 2000) ("where state court litigation is not pending or in the cards, or where the debtor has failed to show any basis for a belief

6

that the state court will grant relief, the prepetition termination of the landlord-tenant relationship will at least normally provide cause for relief from the stay."); *Phillips v. Huffman (In re Huffman)*, 171 B.R. 649, 653 (Bankr. W.D. Mo. 1994) ("If a lease cannot be assumed under § 365, sufficient cause exists to lift a stay of state court proceedings involving that lease. (quotation omitted)); *In re Knight Jewelry*, 168 B.R. 199, 201 (Bankr. W.D. Mo. 1994) ("Since the lease was terminated before the bankruptcy case was filed, cause exists to grant relief from the automatic stay."); *In re Masterworks, Inc.*, 94 B.R. 262, 265 (Bankr. D. Conn. 1988) ("It is well settled that where the debtor will be unable to assume a lease pursuant to Code § 365(a) there is cause for relief from the automatic stay." (collecting cases)).

18. Third, (Factor #4) an eviction action is inherently a specialized proceeding unique to each state's eviction and real estate laws and the Colorado county courts are the tribunals in the State of Colorado that typically handle such actions. *In re Dennen*, 539 B.R. 182, 187 (Bankr. D. Colo. 2015) (recognizing that resolution of a Colorado eviction proceeding involves "a quintessential adjudication of state law property rights with no effect on the bankruptcy estate."). Therefore, the Jefferson County District Court is the specialized tribunal for the Eviction Action.

19. Fourth, (Factor #7), there are no discernable third parties who might have a bankruptcy interest in the eviction proceeding. The Eviction Action presents a two-party dispute that does not involve property of the estate. Thus, no prejudice will inure to interested third-party creditors or stakeholders in this bankruptcy proceeding. *Id*.

20. Fifth, (Factors #10 and #11), which address judicial economy and whether the parties were prepared for trial prior to the bankruptcy, overlap in this case and both arguably weigh in favor of this Court finding for the stay to apply, but only at first glance. The Debtor filed for Chapter 11 relief on the same day the Eviction Action was filed, or May 20, 2024, but the Debtor

7

had knowledge that the Eviction Action was imminent, as they received the Demand Letter on May 6, 2024. The Debtor filed its voluntary petition without consulting with any existing creditor or Movant. A major factor of the Debtor filing for Chapter 11 bankruptcy was to delay the imminent eviction proceeding, not to obtain "breathing room" or a "fresh start" from the Debtor's general consumer debts. *See id*. ("In many cases, the automatic stay serves as a powerful protection to give a debtor the breathing room to reorganize; to preserve estate assets for an ultimate distribution to creditors; and to protect post-bankruptcy property of the debtor necessary for a fresh start. None of those interests appear in this case.").

21.     Sixth, the "balance of hurt" tips in favor granting stay relief for "cause." The Debtor has no right to remain in possession of the Property, even though this Court "is not insensitive to the discomfort and trauma the Debtor will suffer if an eviction is ultimately carried out. But whatever harm the Debtor may suffer in that process is not a legally cognizable harm if the Debtor is simply being removed from a Property he has no legal right to occupy. On the other hand, continued delay in the [Movant] being able to exercise its legal right to possess its Property, or at least obtain a final determination of its rights with respect to the Property, does represent a very real and legally cognizable harm to the [Movant's] interests." *Id*.

22.     In sum, almost all the relevant *Curtis* factors favor this Court finding cause to afford Movant relief from the automatic stay under Section 362(d)(1) for the purpose of moving forward with the possession hearing against Debtor in the Eviction Action.

3. **CONCLUSION**

23.     For the foregoing reasons, Movant requests that this Court lift the protection of the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and permit Movant to move forward with the return and possession hearing against the Debtor in the Eviction Action and ultimately evict the

Debtor from the Property should Movant prevail in the Eviction Action.  Movant also seeks stay relief to evict the Debtor due to his failure to pay rent for May 2024 should such relief be necessary in the event that Movant does not prevail in the Eviction Action.  Movant further submits that the facts set forth above justify this Court waiving the 14-day stay otherwise imposed by F.R.B.P. 4001(a)(3) and Movant respectfully request that the Court do so.

RESPECTFULLY SUBMITTED this 30 day of May, 2024.

**MUNSCH HARDT KOPF & HARR P.C.**

/s/ *Julian P. Vasek*
Kevin M. Lippman
Texas Bar No. 00784479
Julian P. Vasek
Texas Bar No. 24070790
500 N. Akard St., Ste. 4000
Dallas, TX 75201
Tel. 214-855-7500
Email: klippman@munsch.com
Email: jvasek@munsch.com

*Local Counsel for TCO Golden, LLC*

**HATCH RAY OLSEN CONANT LLC**

Christopher J. ("CJ") Conant
*Pro Hac Vice* forthcoming
Brian T. Ray
*Pro Hac Vice* forthcoming
Hatch Ray Olsen Conant LLC
730 17th Street, Suite 200
Denver, CO 80202
Telephone: (303) 298-1800
Fax: (303) 298-1804
cconant@hatchlawyers.com
bray@hatchlawyers.com

*Counsel for TCO Golden, LLC*

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that, on May 30, 2024, he conferred with Debtors' counsel Liz Boydston, and the Debtors oppose the relief requested herein.

/s/ *Julian P. Vasek*
Julian P. Vasek

**CERTIFICATE OF SERVICE**

The undersigned hereby certified that, on May 30, 2024, a true and correct copy of this document was served on the following recipients via CM/ECF or first class U.S. mail, postage prepaid, as indicated below:

*Via First Class U.S. Mail, Postage Prepaid:*

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75202

High Country Watersports, LLC
12900 W 43rd Dr
Golden, CO 80403

*Via CM/ECF:*

| | | |
|---|---|---|
| **Michael Berthiaume**<br>Norton Rose Fulbright US LLP<br>michael.berthiaume@nortonrosefulbright.com | representing | **M&T BANK** |
| **Elizabeth Nicolle Boydston**<br>Gutnicki LLP<br>lboydston@gutnicki.com | representing | **Tommy's Fort Worth, LLC** |
| **Katharine Battaia Clark**<br>Thompson Coburn LLP<br>kclark@thompsoncoburn.com | representing | **Malibu Boats, LLC**<br>**Malibu Boats** |
| **Stephanie D Curtis**<br>Curtis Law PC<br>scurtis@curtislaw.net | representing | **STORE Master Funding XVIII, LLC** |
| **Joshua I. Divack**<br>Thompson Coburn LLP<br>jdivack@thompsoncoburn.com | representing | **Malibu Boats, LLC** |

10

| | | |
|---|---|---|
| **Toby L. Gerber**<br>Norton Rose Fulbright US LLP<br>toby.gerber@nortonrosefulbright.com | representing | **M&T BANK** |
| **Julie Anne Parsons**<br>McCreary Veselka Bragg & Allen PC<br>jparsons@mvbalaw.com | representing | **The County of Denton, Texas** |
| **Alexandria Rahn**<br>Gutnicki LLP<br>arahn@gutnicki.com | representing | **Tommy's Fort Worth, LLC** |
| **Max Schlan**<br>Gutnicki LLP<br>mschlan@gutnicki.com | representing | **Tommy's Fort Worth, LLC** |
| **Daniel S. Shamah**<br>Cooley LLP<br>dshamah@cooley.com | representing | **Malibu Boats**<br>**Malibu Boats, Inc.** |
| **Khaled Tarazi**<br>ktarazi@buchalter.com | representing | **STORE Master Funding XVIII, LLC** |
| **Ivan Turingan**<br>Curtis Law PC<br>ituringan@curtislaw.net | representing | **STORE Master Funding XVIII, LLC** |
| **John Kendrick Turner**<br>Linebarger Goggan Blair & Sampson, LLP<br>john.turner@lgbs.com | representing | **Lewisville ISD**<br>**Tarrant County** |
| **Ren-Ann A. Wang**<br>Gutnicki LLP<br>rwang@gutnicki.com | representing | **Tommy's Fort Worth, LLC** |

/s/ *Julian P. Vasek*
Julian P. Vasek

11