Toby L. Gerber (SBT 07813700)
Michael Berthiaume (SBT 24066039)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Ave., Suite 3600
Dallas, Texas 75201
Telephone: (214) 855-8274
Facsimile: (214) 855-8200
Email: toby.gerber@nortonrosefulbright.com
michael.berthiaume@nortonrosefulbright.com

Jason L. Boland (SBT 24040542)
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>**TOMMY'S FORT WORTH, LLC, *et al*,**[1]<br><br>DEBTOR. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CHAPTER 11<br><br>CASE NO. 24-90000<br><br>(JOINTLY ADMINISTERED) |

**MOTION TO APPOINT CHAPTER 11 TRUSTEE**

---

**A hearing will be conducted on this matter on June 14, at 10:00 am in Room 204, U.S. Courthouse, 501 W. Tenth Street, Fort Worth, Texas 76102**

**You may participate in the hearing either in person or by an audio and video connection. Audio communication will be by use of the Court's dial-in facility. You may access the facility at 1.650.479.3207; Meeting ID: 2309 445 3213 . Video communication will be by use of the Cisco WebEx platform. Connect via the Cisco WebEx application or click the link on Judge Morris's home page and access the link at Link: https://us-courts.webex.com/meet/morris; Meeting Number: 2309-445-3213. Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of electronic hearings. To make your appearance, click the "Electronic Appearance" link on Judge Morris's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance**

---

M&T Bank ("**M&T**"), by and through its attorneys of record, files this *Emergency Motion to Appoint Chapter 11 Trustee* (the "**Motion**") and as fully discussed in M&T's *Brief in Support of Emergency Motion to Appoint Chapter 11 Trustee* ("**Brief**") filed contemporaneously

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tommy's Fort Worth, LLC (3473); Tommy's Holding Company, LLC (2662); Tommy's Grand Rapids, LLC (9224); Tommy's Castaic, LLC (7501); Tommy's Lewisville, LLC (4750); High Country Watersports, LLC (6160); Walloon Lake Village Marina, LLC (0277); MKB Florida Holdings, LLC (5698); Tommy's Detroit, LLC (5242); Tommy's California Fresno, LLC (8597); Tommy's Phoenix, LLC (3036); Tommy's Las Vegas, LLC (7721); Tommy's Chattanooga, LLC (0839); Tommy's California Ventura, LLC (5149); Tommy's Rancho Cordova, LLC (1070); Tommy's Stockton, LLC (1338); and Tommy's Knoxville, LLC (8052).

herewith, requests entry of an order substantially in the form attached hereto, and in support thereof respectfully states as follows:

## I. BACKGROUND

1. The Debtors, who operate boat dealerships in Michigan and other states, filed these cases on May 20, 2024 (the "**Petition Date**") without warning or consultation with M&T, their senior secured lender, or to the Michigan state court-appointed receiver who was in possession of M&T's collateral. Since its freefall filing, the Debtors have been unable to provide accurate or reliable information concerning their finances in a timely fashion so that M&T can review, test, and respond.

2. Since the Petition Date, the Debtors have, on a net basis depleted more than $1.4 million of M&T's collateral culminating in this Court's denial on Debtors' most recent request for use of cash collateral pursuant to a proposed 13-week Cash Forecast. *See Order Denying Debtors' Request for Entry of Fourth Interim Cash Collateral Order*, Dkt. 149.

3. Recognizing this reality, the Debtors have agreed to the relief sought in this Motion, including to the appointment of an independent fiduciary to oversee the administration and efficient wind-down of the Debtors' estates. In addition, the United States Trustee does not oppose the relief sought herein.

## II. ARGUMENT

4. The Bankruptcy Code generally permits a Chapter 11 debtor to remain in control of their assets and business operations provided that current management "can be depended upon to carry out the fiduciary responsibilities of a trustee." *See Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 355 (1985) (*quoting Wolf v. Weinstein*, 372 U.S. 633, 651 (1963)). But, when a debtor is incapable of performing these fiduciary duties, or when confidence in the

debtor evaporates, a chapter 11 trustee may be appointed (a) for cause—particularly where, as here, there is evidence of fraud, dishonesty, incompetence, or mismanagement by the debtor's leadership; or (b) when it is shown that appointment of a trustee would be in the best interests of the Debtors' creditors and the estate. *See In re Marvel Entm't Group, Inc*. 140 F.3d 463, 473 (3d Cir. 1998).

5.      Section 1104(a)(1) of the Bankruptcy Code provides authority for the mandatory appointment of a chapter 11 trustee if "cause" exists. *Marvel*, 140 F.3d at 471–72; *In re V. Savino Oil & Heating Co.*, 99 B.R. 518, 525 (Bankr. E.D.N.Y. 1989) (once the court has found that cause exists under § 1104(a)(1) there is no discretion; an independent trustee must be appointed). Section 1104 (a)(1) provides:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104(a)(1); *In re Cajun Elec. Power Coop.*, 191 B.R. 659, 661 (Bankr. D. La. 1995), *aff'd* 74 F.3d 599 (5th Cir.), *cert denied*, 519 U.S. 808 (1996). Cause for appointment of a trustee must be by current management, but it can relate to either pre-petition or post-petition acts or omissions. 11 U.S.C. § 1104(a)(1).

6.      Here, as more fully described in the Brief, the Debtors' (1) gross mismanagement and incompetence, (2) conflicts of interest, (3) continuing losses to the estate, and (4) acrimonious relationships with creditors constitutes cause for appointment of a trustee.

7.      Section 1104(a)(2) provides courts broad discretion to appoint a Chapter 11 trustee even absent a finding of "cause," when the discretionary appointment of a Chapter 11

trustee in the interest of creditors. *In re Deena Packaging Industries, Inc.*, 29 B.R. 705, 706 (Bankr. S.D.N.Y. 1983) (appointing a trustee to protect the interests of creditors, entails equitable considerations through which the court may exercise its discretionary powers). Section 1104 (a)(2) provides:

> At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee-- . . . (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

11 U.S.C. § 1104 (a)(2).

8. Section 1104(a)(2) creates a flexible standard and allows the appointment of a trustee even when no "cause" exists. *See In re Sharon Steel Corp.*, 871 F.2d 1217, 1228-29 (3d Cir. 1989) (Under the discretionary determination of cause required by 11 U.S.C. § 1104(a)(1) and the flexible standard embodied in (a)(2), the court acted within its discretion in concluding that the totality of the circumstances signaled the need for a trustee); *In re Ionosphere Clubs, Inc.*, 113 B.R. 164, 168 (Bankr. S.D.N.Y. 1990). In general, in deciding motions brought pursuant to section 1104(a)(2), courts consider the following factors:

> (i) the trustworthiness of the debtor; (ii) the debtor in possession's past and present performance and prospects for the debtor's rehabilitation; (iii) the confidence or lack thereof of the business community and of creditors in present management; and (iv) the benefits derived by the appointment of a trustee, balanced against the cost of the appointment.

*In re Ionosphere Clubs, Inc.*, 113 B.R. at 169 (internal citations omitted); *In re Cajun Elec. Power Coop.*, 191 B.R. 659, 661-662 (Bankr. D. La., 1995), *aff'd* 74 F.3d 599 (5th Cir.), *cert denied*, 519 U.S. 808 (1996).

9. In making its determination of whether to exercise its equitable powers to appoint a trustee under Section 1104(a)(2), courts "look to the practical realities and necessities

inescapably involved in reconciling competing interests." *See In re Hotel Assocs., Inc.*, 3 B.R. 343, 345 (Bankr. E.D. Pa. 1980). A court should strongly consider appointment of a trustee when a reorganization is not possible and a debtor's principal "may be motivated to protect his own interests rather than the interests of creditors." *Mfrs. & Traders Tr. Co. v. Morningstar Marketplace, Ltd. (In re Morningstar Marketplace, Ltd.)*, 544 B.R. 297, 305 (Bankr. M.D. Pa. 2016)

10. For the reasons described in the Brief, this Court should exercise is discretionary powers to appoint s Chapter 11 trustee for the benefit of the Debtors' estate.

### III.    EMERGENCY RELIEF REQUESTED

35. The facts and circumstances of this case require expedited consideration of M&T's Motion. Without the use of cash collateral, the Debtors' estate is in danger of incurring further liabilities without the ability to pay them, and the prompt appointment and installation of a Chapter 11 trustee is key to preserving value of the Debtors' estate for the benefit of its creditors.

WHEREFORE, M&T respectfully requests that the Court grant M&T's Motion and for such other relief to which it is entitled.

*[Signature Page to Follow]*

Respectfully submitted,
June 12, 2024

                                      **NORTON ROSE FULBRIGHT US LLP**

                                            */s/ Toby L. Gerber*
Toby L. Gerber (SBT 07813700)
Michael Berthiaume (SBT 24066039)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8274
Facsimile: (214) 855-8200
Email: toby.gerber@nortonrosefulbright.com
michael.berthiaume@nortonrosefulbright.com

and

Jason L. Boland (SBT 24040542)
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com

## CERTIFICATE OF CONFERENCE

      In accordance with L.B.R. 9007-1(f), I hereby certify that on June 10, 2024 I conferred via teleconference with the Debtors and the United States Trustee through their respective counsel to determine whether agreement on the Motion could be met.  The Debtors have agreed to emergency consideration of and to the relief sought in the Motion. The United States Trustee has indicated it does not oppose emergency consideration or the relief sought in the Motion.

*Toby L. Gerber*
Toby L. Gerber

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing pleading was served by CM/ECF Notification on June 12, 2024 in accordance with Bankruptcy Rule 9036 and L.B.R. 9036-1. Additionally, a true and correct copy of the foregoing pleading was served via first class mail on all parties listed on the Complex Service List.

                                                 */s/ Toby Gerber*
                                                 Toby Gerber