IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE:<br><br>TOMMY'S FORT WORTH, LLC, *et al*,[1]<br><br>DEBTOR. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CHAPTER 11<br><br>CASE NO. 24-90000<br><br>(JOINTLY ADMINISTERED) |

## ORDER GRANTING AGREED EMERGENCY MOTION TO APPOINT CHAPTER 11 TRUSTEE

Came on for consideration the Agreed Emergency Motion to Appoint Chapter 11 Trustee (the "**Motion**") [Docket No. 157] filed by M&T Bank (the "**Lender**") and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates (collectively, the "**Debtors**"), their creditors, and other parties-in-interest; and being unopposed, there is sufficient cause; the Court having jurisdiction to consider the Motion and the relief requested therein

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Tommy's Fort Worth, LLC (3473); Tommy's Holding Company, LLC (2662); Tommy's Grand Rapids, LLC (9224); Tommy's Castaic, LLC (7501); Tommy's Lewisville, LLC (4750); High Country Watersports, LLC (6160); Walloon Lake Village Marina, LLC (0277); MKB Florida Holdings, LLC (5698); Tommy's Detroit, LLC (5242); Tommy's California Fresno, LLC (8597); Tommy's Phoenix, LLC (3036); Tommy's Las Vegas, LLC (7721); Tommy's Chattanooga, LLC (0839); Tommy's California Ventura, LLC (5149); Tommy's Rancho Cordova, LLC (1070); Tommy's Stockton, LLC (1338); and Tommy's Knoxville, LLC (8052).

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation,

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

The Motion is GRANTED, as set forth herein, as unopposed sufficient grounds exist for the appointment of a trustee for the Debtors' Chapter 11 estates pursuant to 11 U.S.C. § 1104(a); and it is further

ORDERED that the United States Trustee for Region 6 is hereby directed to immediately appoint a Chapter 11 Trustee (the "**Trustee**") for the Debtors' estates; and it is further

ORDERED that the Trustee is authorized to take immediate action to take possession of and exercise control over all property of the Debtors' estates, including, but not limited to, all cash and cash collateral currently in the possession of the Debtors; and it is further

ORDERED that the Trustee is authorized to take immediate control of all Debtor's bank accounts, including Debtor-in-Possession Accounts; and it is further

ORDERED that upon the appointment of the Trustee and the notice of the appointment of the Trustee, Debtors are authorized and directed to immediately turnover all of the property of the Estates, including without limitation any of the Estates' funds and all of the Estates' books and records, to the Trustee;

ORDERED that the Debtors, including all of their officers, directors, employees, agents, insiders, and professionals are directed to promptly cooperate in all respects with the Trustee and his professionals in fulfilling the Trustee's duties and obligations; and it is further

ORDERED that the Debtors, including all of their officers, directors, employees, agents, insiders, and professionals shall retain and make available to the Trustee and his professionals all files, records, and other information related to the Debtors, including electronic information stored on computers or otherwise; and it is further

ORDERED that the Debtors, including all of their officers, directors, employees, agents, insiders, and professionals are directed to immediately make the premises, assets, and information of the Debtors, wherever located and in whatever form, available to the Trustee and his professionals for all purposes; and it is further

ORDERED that the Debtors, including all of their officers, directors, employees, agents, insiders, and professionals shall immediately refrain, and are prohibited from, using any cash or cash collateral of the estates for any purpose effective as of the entry of this Order, provided, however, until notice of the Trustee's appointment is filed in these Cases, the Debtors are to use funds in the ordinary course that are essential to prevent any irreparable harm or injury to the Estates or tenants, provided further that the Debtors will use best efforts to confer with the Lender in advance for approval before extending funds and the Debtors will maintain clear records of amounts used pursuant to this paragraph; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order; and it is further

ORDERED that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### ### END OF ORDER ##