Toby L. Gerber (SBT 07813700)
Michael Berthiaume (SBT 24066039)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8274
Facsimile: (214) 855-8200
Email: toby.gerber@nortonrosefulbright.com
michael.berthiaume@nortonrosefulbright.com

Jason L. Boland (SBT 24040542)
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE:<br><br>TOMMY'S FORT WORTH, LLC, *et al.*,[1]<br><br>DEBTORS. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CHAPTER 11<br><br>CASE NO. 24-90000<br><br>(JOINTLY ADMINISTERED) |

**OBJECTION OF M&T BANK TO DEBTORS' APPLICATION TO EMPLOY
FORCE TEN PARTNERS, LLC [DKT. 142]**

M&T Bank ("**M&T**"), by and through its attorneys of record, files this *Objection to Debtors' Application to Employ Force Ten Partners, LLC [Dkt. 142]* (the "**Objection**"), and in support thereof, respectfully states as follows:

**I.    SUMMARY OF OBJECTION**

Although there may be facts and circumstances when use of the J. Alix Protocol is appropriate for retention, employment, and payment of a professional person in a Chapter 11 proceeding, this is not such a case. Here, the Debtors retained Force Ten Partners, LLC on the eve of filing its bankruptcy and filed their application to employ under Bankruptcy Code section

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Tommy's Fort Worth, LLC (3473); Tommy's Holding Company, LLC (2662); Tommy's Grand Rapids, LLC (9224); Tommy's Castaic, LLC (7501); Tommy's Lewisville, LLC (4750); High Country Watersports, LLC (6160); Walloon Lake Village Marina, LLC (0277); MKB Florida Holdings, LLC (5698); Tommy's Detroit, LLC (5242); Tommy's California Fresno, LLC (8597); Tommy's Phoenix, LLC (3036); Tommy's Las Vegas, LLC

363(b) on June 7, 2024, the same day the Court denied Debtors further use of cash collateral due to the Debtors' inability to provide M&T with adequate protection. Shortly thereafter, the Court entered orders directing appointment of a Chapter 11 Trustee. As such the Debtors no longer have authority to pursue the pending Force Ten Application for approval of the proposed employment under Bankruptcy Code section 363(b) or, if the Force Ten Application had been properly presented, under Bankruptcy Code section 327.

## II. BACKGROUND

1. The above-captioned debtors (collectively "**Debtors**"), who operate boat dealerships in Michigan and other states, filed these cases on May 20, 2024 (the "**Petition Date**").

2. On May 22, 2024, the Debtors filed, among other motions, the *Emergency Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protecting, (III) Modifying the Automatic Stay, (IV) Setting a Second Interim Hearing, (V) Setting a Final Hearing, and (V) Granting Related Relief* [Docket No. 12] (the "**Cash Collateral Motion**").

3. On May 23, 2024, M&T filed its objection to the Cash Collateral Motion alleging, among other things, that: (a) M&T had not consented, and did not consent, to use of its cash collateral; and (b) the Debtors had not provided M&T with adequate protection.

4. On May 23, 2024, the Court held a hearing on certain of the Debtors' first day motions, including the Cash Collateral Motion. Over M&T's objection, the Court granted, on an interim basis, the Cash Collateral Motion with certain modifications as to each as stated on the

---

(7721); Tommy's Chattanooga, LLC (0839); Tommy's California Ventura, LLC (5149); Tommy's Rancho Cordova, LLC (1070); Tommy's Stockton, LLC (1338); and Tommy's Knoxville, LLC (8052).

record. *See First Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protecting, (III) Modifying the Automatic Stay, (IV) Setting a Second Interim Hearing, (V) Setting a Final Hearing, and (V) Granting Related Relief* [Docket No. 52] ("**Cash Collateral Order**"). The Cash Collateral Order set the Cash Collateral Motion for further hearing on May 28, 2024, and the Cash Management Order set the Cash Management Motion for final hearing on June 27, 2024.

5. After successive interim orders extending the use of cash collateral,[2] on June 6, 2024, M&T filed its *Supplemental Objection to Debtor's Cash Collateral Motion* [Docket No. 124] objecting to the Debtors' continuing use of cash collateral.

6. On June 7, 2024, the Court denied the Debtors' request to continuing use of M&T's cash collateral. On June 9, 2024, the Court entered the *Order Denying Debtors' Request for Entry of Fourth Interim Cash Collateral Order* [Docket No. 149].

7. Also on June 7, 2024, the Debtors filed the *Application for Entry of an Order Pursuant to 11 U.S.C. §§105(a) and 363(b): (I) Approving the Employment and Retention of Force Ten Partners, LLC by Debtor in Accordance with the Terms and Conditions of the Engagement Agreement; (II) Designating Monica S. Blacker of Force Ten Partners, LLC as Debtor's Chief Restructuring Officer; (III) Approving the Scope of Services and Compensation Terms for Force Ten Partners LLC as Set Forth in the Engagement Agreement and Described Below; and (IV) Granting Such Other and Further Relief as is Just and Proper* [Docket No. 142] ("**Force Ten Application**").

---

[2] *See Second Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protecting, (III) Modifying the Automatic Stay, (IV) Setting a Second Interim Hearing, (V) Setting a Final Hearing, and (V) Granting Related Relief* [Docket No. 76]; *Third Interim Order (I) Authorizing the Use of Cash Collateral, (II) Granting Adequate Protecting, (III) Modifying the Automatic Stay, (IV) Setting a Second Interim Hearing, (V) Setting a Final Hearing, and (V) Granting Related Relief* [Docket No. 95].

8. The Force Ten Application seeks this Court's authority to employ and pay Force Ten Partners, LLC ("**Force Ten**") pursuant to 11 U.S.C. § 363, in an apparent attempt to invoke the benefits of the "J. Alix Protocol" rather than as a professional pursuant to sections 327(a), 328(a) and 330 of the Bankruptcy Code.

9. According to the Force Ten Application, "Artemis Capital LLC paid an advance payment retainer in the amount of $300,000.00 to Force Ten." Force Ten Application, ¶ 19. No explanation was provided by Force Ten regarding (a) the consideration Artemis Capital LLC received in exchange for making the payment to Force Ten, (b) the relationships and connections of Artemis Capital LLC to the Debtors, the Debtors' affiliates, the Debtors' insiders or any other party in interest to these cases, or (c) whether Force Ten ever made a reasonable investigation of (a) and (b) in order to confirm whether Artemis Capital was "disinterested" under applicable bankruptcy standards. Instead, it appears that Force Ten and the Debtors attempted to sidestep the question of whether Force Ten was disinterested by seeking approval of Force Ten's employment under Bankruptcy Code section 363, even though Force Ten's role as financial advisor and Ms. Blacker, a licensed, experienced bankruptcy attorney now seeking employment as Debtors' chief restructuring order, are clearly professional persons subject to Bankruptcy Code sections 327, 328 and 330. As discussed below, the Debtors no longer have authority to seek use of the estate's property to employ Force Ten, the attempted use of the so-called J. Alix Protocol to retain Force Ten is improper, and the Application itself fails to meet the disclosures required by the Bankruptcy Code. The Application should be denied for those reasons.

10. On June 12, 2024, M&T filed a *Motion to Appoint Chapter 11 Trustee* [Docket No. 157]. On June 14, 2024, the Court entered the *Order Granting Agreed Emergency Motion to*

*Appoint Chapter 11 Trustee* [Docket No. 173], which directed the immediate appointment of a Chapter 11 Trustee ("**Trustee**").

11. On June 13, 2024, Artemis Capital, LLC ("**Artemis**") provided a *Declaration Regarding Source of Funding* ("**Declaration**") at M&T's request.[3] According to the Declaration, Artemis "wired $250,000 to Gutnicki, LLP for a fee retainer and $300,000 to Force 10 Partners for a fee retainer. Those funds were the proceeds of a business loan provided by Artemis Capital. Borrower requested the loan proceeds be directed to Gutnicki, LLP and Force 10 Partners." Declaration, ¶ 2. The Declaration does not disclose the identity of the "Borrower" but asserts the Borrower is not a Debtor. *Id*., ¶ 3. Despite repeated requests by M&T's counsel, Artemis failed to disclose the identity of the Borrower and despite the comments of this Court directed at Debtors' proposed counsel during a recent hearing, Force Ten has not been forthcoming with such information.[4]

12. On June 17, 2024, the United States Trustee filed the *Chapter 11 Notice of Appointment of Trustee and of Amount of Bond* [Docket No. 174], which directed the appointment of Mark Andrews as Trustee. This Court entered the *Order Approving Appointment of Chapter 11 Trustee* on June 18, 2024 [Docket No. 178].

---

[3] The Artemis Declaration is attached to the Declaration of Toby L. Gerber ("**Gerber Declaration**") filed in support of this Objection, as Exhibit 1.

[4] M&T notes that at 11:48 pm on Sunday, June 30, 2024, the evening before the deadline for filing objections to the Force Ten Application, Debtors' proposed counsel filed a *Supplemental Declaration Regarding Disclosure of Compensation [Dkt. 209]* disclosing for the first time that payment of Gutnicki's retainer by Artemis Capital LLC was made "at the direction of Matthew A. Borisch, who took out a loan with Artemis for the purpose of funding retainers for the purposes of funding retainers for Tommy's professionals." M&T also notes that at 12:37 pm on Monday, July 1, 2024, the day set as the deadline for filing objections to the Force Ten Application, Debtors' proposed counsel filed a *Declaration of Matthew A. Borisch Regarding Disclosure of Retainers to Debtors' Professionals [Dkt. 211]* in which Mr. Borisch acknowledges directing Artemis to pay funds to Gutnicki LLP and Force Ten as retainers on May 20, 2024. As of the time of filing this Objection, Force Ten has not made a similar disclosure.

> A.  **The Force Ten Application is improperly brought under 11 U.S.C. § 363.**

13. The Debtors and Force Ten should not be permitted to hide behind the J. Alix Protocol to employ a financial advisor. The two primary goals of the sections of the Bankruptcy Code governing employment of professional persons in a bankruptcy case are to ensure the impartiality of the professional and to provide court oversight in the determination of the reasonableness of the professional's compensation. The Force Ten Application does neither.

14. Employment of professionals in a bankruptcy case should be governed by 11 U.S.C. § 327, which provides that a debtor in possession may employ "professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons[.]" 11 U.S.C. § 327(a). Further, Federal Rule of Bankruptcy Procedure requires that an application to employ such a professional person must set forth necessary facts including "to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors [or] any other party in interest[.]" FED. R. BANKR. P. 2014. These requirements are aimed at determining whether a proposed professional is disinterested—i.e., "(i) is not a creditor, an equity security holder or an insider; (ii) is not and was not, within two years prior to the petition date, a director, officer or employee of the debtor; and (iii) does not hold a material adverse interest to the bankruptcy estate or any class of creditors or interest holders by way of its relationship to the debtor or for any other reason. 11 U.S.C. § 101(14). However, a professional will not be disqualified "solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b).

15. In contrast, 11 U.S.C. § 363 does not address the employment of professionals. Instead, under that section a debtor may use property of the estate subject to a business judgment standard. *See In re Asarco, L.L.C.,* 650 F.3d 593, 601 (5th Cir. 2011). Here the Debtors' use of

property of the estate for the employment and payment of Force Ten would require use of MT's cash collateral and would be subject to the provisions of Section 361 and 363 relating to Debtors' obtaining M&T's consent or providing adequate protection. In the present case, with the appointment of a Chapter 11 Trustee and the Debtors' inability to provide adequate protection to M&T, employment under the Application cannot be authorized.

16. Further, although Section 363 has been used to retain and compensate certain professionals, such an arrangement applies only where Section 327 would otherwise prohibit the employment due to a lack of disinterestedness. *In re McDermott Int'l, Inc.*, 614 B.R. 244, 250 (Bankr. S.D. Tex. 2020). In that situation, some parties have agreed that Section 363 may be used provided that comprehensive disclosure requirements are met. *See e.g. In re Saint Vincents Catholic Medical Ctrs. of New York,* Case No. 05-B-14945, 2007 WL 2492787 *14, 16 (Bankr. S.D.N.Y. August 29, 2007). To be sure, the J. Alix Protocol still requires appropriate disclosures of any and all facts that may have a bearing on whether the applicant has any conflict of interest or material adverse interest. *In re McDermott Int'l, Inc.*, 614 B.R. at 251 (quoting United States Trustee Program Policy and Practices Manual).[5]

17. Prior to appointment of the Chapter 11 Trustee, Debtors never obtained M&T's consent and never provided adequate protection for M&T in connection with the use of cash collateral (or any other property of the estate) to employ and pay Force Ten. M&T will not consent to the use of its cash collateral to employ Force Ten, however, as represented in Court, M&T is prepared to consider an application for and payment of an administrative expense for work performed by Force Ten provided it meets appropriate standards.

---

[5] *See* https://www.justice.gov/sites/default/files/ust/legacy/2014/08/11/J_Alix_Protocol_Engagement.pdf.).

**B.    After appointment of a Chapter 11 Trustee, the Debtors no longer have authority to employ professionals.**

18.   Force Ten's right to be retained and compensated is lost when a trustee is appointed. Section 327 of the Bankruptcy Code provides that "the trustee, with the court's approval, may employ one or more attorneys . . . to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a) (emphasis added). Under Chapter 11 generally, Section 1107 grants to the debtor-in-possession all the rights, powers, and duties of a trustee, 11 U.S.C. § 1107(a), and the debtor in possession may continue to operate the debtor's business. 11 U.S.C. § 1108; *In re Woerner*, 783 F.3d 266, 271 (5th Cir. 2015). But, that authority is not endless. Where cause exists or where a court determines it to be in the best interest of creditors, the court may appoint a chapter 11 trustee. 11 U.S.C. § 1104(a). Upon the appointment of a chapter 11 trustee, the Debtors' status as a debtor in possession is terminated and the chapter 11 trustee becomes the sole representative of the estate and succeeds to all the rights and properties of the debtor. 11 U.S.C. § 323(a); *In re Sunergy California LLC,* No. BAP EC-22-1230-GCB, 2023 WL 4184860, at *4 (B.A.P. 9th Cir. June 26, 2023); *In re Bresnick*, 406 B.R. 582, 585 (Bankr. E.D.N.Y. 2009), *aff'd sub nom. Morrison v. U.S. Trustees*, No. 09-CV-3565 (CBA), 2010 WL 2653394 (E.D.N.Y. June 24, 2010).

19.   A debtor not *in possession*, therefore, is divested of control of the estate, including (among other things) the power to retain professionals under Section 327, which applies only to professionals employed by the trustee. *See* 11 U.S.C. § 327(a); *Lamie v. U.S. Tr.,* 540 U.S. 526, 531 (2004) (citing *Andrews & Kurth, L.L.P. v. Family Snacks, Inc. (In re Pro–Snax Distribs., Inc.),* 157 F.3d 414, 426 (5th Cir. 1998) *rev'd on other grounds*

*by In re Woerner*, 783 F.3d 266, 268 (5th Cir. 2015)); *see also In re Sunergy California LLC*, 2023 WL 4184860, at *4 (finding that services performed by debtor's counsel after appointment of chapter 11 trustee are not compensable by the estate). Following its appointment, the trustee—not the debtor—holds the power under Section 327 to retain counsel. *See e.g. In re Romano*, 564 B.R. 613, 624 (N.D. Ind. 2016) (affirming bankruptcy court's decision to deny employment application filed by chapter 7 debtor's attorney).

### III.    PRAYER

WHEREFORE, M&T requests this Court deny the Force Ten Application and for any other relief this Court may deem just and proper.

Respectfully submitted,
July 1, 2024

**NORTON ROSE FULBRIGHT US LLP**

 */s/ Toby L. Gerber*
Toby L. Gerber (SBT 07813700)
Michael Berthiaume (SBT 24066039)
**NORTON ROSE FULBRIGHT US LLP**
2200 Ross Ave., Suite 3600
Dallas, TX 75201
Telephone: (214) 855-8274
Facsimile: (214) 855-8200
Email: toby.gerber@nortonrosefulbright.com
michael.berthiaume@nortonrosefulbright.com

and

Jason L. Boland (SBT 24040542)
**NORTON ROSE FULBRIGHT US LLP**
1550 Lamar Street, Suite 2000
Houston, Texas 77010
Telephone: (713) 651-5151
Facsimile: (713) 651-5246
Email: jason.boland@nortonrosefulbright.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading was served by CM/ECF Notification on July 1, 2024.

                                              */s/ Toby L. Gerber*
                                              Toby L. Gerber